41 So.2d 461

STATE ex rel. CODY v. CALDWELL PARISH SCHOOL BOARD.

No. 39213.

May 31, 1949.

J. B. Thornhill, Monroe, for relatrix-appellant.

Cameron C. Minard, Columbia, for respondent-appellee.

PONDER, Justice.

In these mandamus proceedings the relatrix sought to compel the Caldwell Parish School Board to employ her as a teacher for the school session of 1948-1949 or, in the alternative, to pay her the salary which she would have received had she been so employed. She is appealing from a judgment of the lower court rejecting her demands.

On April 6, 1948, the Caldwell Parish School Board, at a regular meeting, adopted a resolution requiring all school teachers and bus drivers in its employ to sign agreements of employment on or before June 1, 1948, for the purpose, as stated in the resolution, of determining whether there would be any vacancies and thereby enabling the board an opportunity to fill the vacancies before the beginning of the school session of 1948-1949. The Parish Superintendent of Education was authorized and directed, in this resolution, to prepare the agreements and present them to the qualified personnel and required to fill any vacancies that might occur. The resolution, with the other proceedings of the board, was published in the official journal of the parish. About the middle of May, 1948 the superintendent prepared the contracts in duplicate form and delivered them to the principals of the various schools with instructions to inform the teachers and bus drivers that the agreements were to be signed and returned to the School Board not later than June 1, 1948. A duplicate copy of each agreement was signed by the superintendent which was to be retained by the teacher or bus driver. The contracts for the teachers of Clarks High School, where the relatrix was employed as a teacher, were delivered to the principal of that school. The day following the receipt of the contracts, about the 15th or 16th of May, the principal delivered the contract forms to the teachers at an assembly of all of the teachers of that school with the request that they be executed and returned to him the next day, if possible. All of the teachers, except the relatrix, promptly executed and returned the contracts. The relatrix did not sign and return her contract until June 21, 1948.

The relatrix is a permanent teacher having had nine years experience of teaching in that parish and holds a life time certificate issued by the Department of Education. She has served two periods of teaching employment with the defendant, the first being in excess of three years, after which she voluntarily resigned and secured employment elsewhere for a short time. She re-entered the employment of the de-

fendant sometime in 1945 and taught for three consecutive sessions of school. The School Board had required all teachers to enter into written contracts before June 1st of each year prior to the adoption of the resolution which we have under consideration. The relatrix had signed contracts on prior occasions with the defendant before June 1st of prior years in conformity with this rule of the defendant.

At the time the principal presented the contract to the relatrix she was undecided as to whether she would teach in that school during the following session. She testified that the principal of the school presented her with a contract about the middle of May and asked her to sign it and return it as soon as possible; that at that time the conditions in her home were unsettled because her father did not know whether or not he would be transferred to another place; that it was imperative for her to stay with her parents because of their age and condition of health; that she did not know what she was going to do; that the principal reminded her again before school was out that she must sign the contract; that she did not know of the resolution; that she and her parents decided that perhaps things would be settled before the School Board met in July, at which time she would be able to know whether she could teach in that school during the ensuing year; that she did not think that it would be fair to the School Board to sign the contract and later inform them that she could not teach; that

she had been informed over the telephone on June 22nd, the day after she had filed her contract, that her place had been tentatively filled.

The principal of the school testified in effect that two or three days after he had delivered the contracts to the teachers he noticed that all of them had returned signed contracts except the relatrix; that he called the relatrix in his office and brought to her attention the fact that her contract had not been returned; that the relatrix told him she was thinking about it; that some three or four days later he mentioned the matter to the relatrix and was informed by her that she did not know what to do; that he discussed the matter with the superintendent and was instructed by him to inform the relatrix that June 1st was the deadline; that he told the relatrix on the last day of school, May 27th or 28th, that she had evaded answering him and as principal of the school he had a right to know what she was going to do; that he informed her he wanted her back as her work was satisfactory and wanted her to sign the contract by June 1st as that was the deadline; that she informed him that she wanted the job back but did not know what was going to happen to her father; that he suggested to her that she sign the contract and return it by June 1st in order to be safe and should conditions prevent her from teaching that she could resign or obtain a leave of absence; that the relatrix informed him that

she did not wish to do this unless she was certain she would teach.

As will be observed there is a conflict in the testimony. The trial court accepted the testimony of the principal and we see no reason to disturb its findings since the resolution was duly published and the relatrix had signed similar contracts on prior occasions on or before June 1st of preceding years in conformity with a rule of the board.

Counsel contends that the relatrix, being a permanent teacher, is automatically an employee of the School Board and that no written contract is necessary or required. He relies on Section 48, Act 100 of 1922, as amended, as authority that the relatrix is automatically an employee of the defendant and Act 353 of 1948, amending Section 49 of Act 100 of 1922, as authority that a written contract is not necessary or required. He cites the case of Picou et al. v. St. Bernard Parish School Board, La.App., 132 So. 130 to support his contention. This case is not in point. In the Picou case the teacher was appointed and notified but did not send her written acceptance until twelve days thereafter. The School Board sought to withdraw its offer and refused to accept the contract. It was held that twelve days was not an unreasonable delay in the acceptance of the appointment. There was no rule or resolution of the board requiring the confection of an agreement on or before a particular date as required by the resolution involved herein. The relatrix was given ample opportunity to enter into an agreement of employment for the school session with the defendant and by her own act, in refusing or neglecting to sign the agreement in conformity with the administrative rule, she thereby voluntarily terminated her employment. Her failure to comply with the resolution was notice to the board that she would not teach the ensuing year.

█ The School Board has the right to adopt reasonable rules in aid of its administrative authority. The tenure law does not deprive the board of its general authority to supervise its teachers or its right to adopt reasonable rules necessary for the proper administration of the schools. It was never contemplated that the tenure law could be employed for the purpose of defeating the functions of a School Board nor as a means of ignoring or refusing to obey rules of the board adopted in aid of its administrative authority. Reed v. Orleans Parish School Board, La.App., 21 So.2d 895.

A mere reading of the resolution indicates that it was adopted in order that competent teachers may be supplied for the schools of the parish in event that some of the teachers would not be available. The board evidently placed the time limit within which the agreements were to be filed in order that it might have sufficient time to secure competent teachers in event of vacancies. If the board did not have authority to adopt rules of this nature it

would greatly hamper the administration of the schools.

We are not presented with a case where a teacher is sought to be discharged. The school authorities had no desire to deprive the relatrix of her right to teach in the school but merely required her to comply with a resolution adopted in aid of its administration. They did not require her to do any act other than that required of the other teachers.

■ The provision in Section 49 of Act 100 of 1922, as amended, is to the effect that this section of the act shall not be construed as requiring written contracts with permanent teachers. It does not prohibit School Boards from requiring written contracts with permanent teachers but merely states that the section of the act requiring written contracts shall not be construed as requiring such of permanent teachers. The School Board has the right to enter into binding agreements with its teachers covering a session of school. Whether the agreement is oral or written would not make it less binding on the teacher or the board. It would be unreasonable to construe this provision of the act as prohibiting the School Board from requiring written agreements with permanent teachers in order that it may have a record and avoid the vexation of disputes arising over the substance of oral agreements.

It is contended that the defendant, after the relatrix had failed to timely sign the agreement, had only two legal means of proceeding against her, viz: either by preferring charges of willful neglect of duty, or taking disciplinary action. Counsel for the relatrix cites Sections 48 and 57 of Act 100 of 1922, as amended, and a number of decisions of this Court dealing with resolutions of School Boards which barred teachers from continuing in their positions after marriage. There was no attempt made in this case to discipline or discharge the relatrix. It is regrettable that she could not make up her mind to teach before the time fixed in the resolution which was adopted for administrative purposes, but this cannot excuse her from complying with a rule, reasonable in its nature and necessary for the proper administration of the schools. The decisions dealing with resolutions affecting married teachers are of an entirely different nature and were adopted for an entirely different purpose. Such rules discriminate against married teachers. The resolution in this case applies equally to all teachers and it is not designed to exclude any. Its purpose is to aid the board in the proper administration of its affairs.

It is contended that, if the failure of the relatrix to sign the contract timely is to be considered a resignation, she has signified her withdrawal of the resignation before it was acted on by the board. Authorities are cited to the effect that a resignation is not effective until it is accepted by competent authority.

The superintendent had ample authority to enter into the agreements within the time limit fixed in the resolution. The failure to comply with the resolution within the accepted time not only operated as a voluntary termination of the relatrix's services but also operated as a forfeiture of her right to later come in and accept employment or withdraw her resignation, if it be so termed. The time limit was fixed to close the matter of employment. If the relatrix could force her employment by any means after the time limit expired it would defeat the purpose for which the resolution was adopted.

For the reasons assigned, the judgment is affirmed at appellant's cost.

O'NIELL, C. J., does not take part.